DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment issued by the Ottawa County Court of Common Pleas. It comes before the court on counsel's motion to withdraw as counsel on appeal, filed pursuant toAnders v. California (1967), 386 U.S. 738.
On August 6, 1998, appellant, Lawrence C. Gilmer, Jr., was indicted on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a second degree felony, and three counts of selling or offering a controlled substance in violation of R.C. 2925.03(A), two first degree felonies and a fourth degree felony, with criminal forfeiture specifications pursuant to R.C. 2925.42. Subsequent to this indictment, appellant was arrested for possession of drugs on December 10, 1998, and again on March 3, 1999.
Appellant's attorney negotiated a plea agreement whereby appellant entered a plea of guilty to two counts of trafficking in crack cocaine, one for an amount more than twenty-five but less than one hundred grams, a first degree felony, and one for an amount less than one gram, a fifth degree felony. Appellant also pled guilty to one count of cocaine possession, a fifth degree felony, in relation to another case which has apparently not been appealed to this court. In exchange, the trial court dismissed all other charges in Case Nos. 98-CR-090 and 99-CR-044. Appellant was sentenced on March 30, 2001, to a mandatory nine years incarceration in the Ohio Bureau of Rehabilitation and Corrections for the first degree felony charge, and eleven months incarceration for the fifth degree felony charge, with one hundred sixty-three days credit for time served. The judge ordered the sentences to be served concurrently. The judge also revoked appellant's driver's license for life and imposed a mandatory fine of $10,000. Appellant filed his notice of appeal with this court on April 9, 2001, and the case was placed on the court's accelerated docket.
Appellant's appointed counsel submitted a motion to withdraw as counsel on appeal on May 24, 2001, pursuant to Anders. Id. In support of his request, and pursuant to the guidelines set forth in Anders, appellant's counsel asserts that after an extensive review of the record he was unable to find any valid, arguable issues for appeal. In that event, counsel must submit a brief setting forth any information in the record which might arguably support an appeal, and furnish a copy of the brief and motion to appellant. Id. Counsel has met these requirements. Appellant has not submitted a brief of his own.
Counsel for appellant has raised the following potential assignment of error:
 "The Trial Court Abused its Discretion in Sentencing Defendant-Appellant to a Mandatory Prison Term of Nine Years."
R.C. 2953.08 sets out grounds of appeal for felony sentences for crimes committed on or after July 1, 1996, and the procedure the reviewing court must follow. R.C. 2953.08(G)(2) states in pertinent part:
 "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 "* * * The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
"(B) That the sentence is otherwise contrary to law."
Clear and convincing is that level of evidence which is sufficient to establish in the mind of the trier of fact a "firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
We note that the grounds for appeal in this case do not specifically fit within division (A), (B), or (C) of R.C. 2953.08. Even if we were to interpret appellant's proposed assignment of error as falling within 2953.08(A)(4), "[t]he sentence is contrary to law," we find that the trial court did not err in sentencing appellant to nine years incarceration.
R.C. 2925.03(C)(4)(f) states that for trafficking more than twenty-five but less than one hundred grams of cocaine, "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree." Those terms range from a minimum of three to a maximum of ten years, pursuant to R.C. 2929.14(A)(1). In determining the length of such a sentence, the court must comply with the purposes and principles of sentencing enumerated in R.C. 2929.11, bearing in mind the seriousness and recidivism factors listed in R.C. 2929.12.
The transcript of the sentencing hearing in this case reveals that the trial court found that factors indicating more serious conduct were present, and that appellant was likely to commit future crimes. The judge noted:
 "[I]t may well be that Mr. Gilmer is a coke head, as the term is used, and has been a runner, but * * * if that is so, he has been doing that for a long time because his criminal record goes back to 1971, and there is not the slightest indication anywhere in here that he has ever sought help for his addiction, or if made available, he ever followed through on any assistance or rehabilitation efforts ever regarding his crack cocaine use."
The judge then summarized appellant's prior criminal record, including aggravated burglary, grand theft, crimes of violence, drug abuse and possession, failure to appear, and resisting arrest. The judge stated:
 "Mr. Gilmer has twelve separate aliases that he has gone under over the years. That certainly speaks volumes about his activities in the community. * * * He has an inconsistent history of gainful employment, and I might add, during a period in this country's economy that we had more people employed per capita than any other time since 1776.
 "Mr. Gilmer's present crimes were part of an organized family criminal enterprise based in Toledo, and [sic] the sole purpose of which was to bring their product into Ottawa County and dispense it to the young people here."
Finally, the judge noted in his sentencing report that the defendant showed no remorse.
It is apparent from the record that the trial court considered the necessary factors and found that the appropriate circumstances existed to sentence appellant to a prison term of nine years for trafficking crack cocaine. Therefore, we clearly and convincingly find that appellant's sentence is supported by the record, and appellant's sole proposed assignment of error is found not well-taken.
Nonetheless, our complete review of the record in this case revealed an arguable issue for the purpose of appeal, namely whether or not appellant had effective assistance of counsel with regards to the mandatory fine imposed.
Because an Anders brief is not a substitute for an appellate brief argued on the merits, see McCoy v. Court of Appeals of Wisconsin,District 1 (1988) 486 U.S. 429, 439, and because we have found an arguable issue exists for appeal, we must "appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief * * *" before we can decide the merits of the issues. Id. at 444. See, also,Penson v. Ohio (1988), 488 U.S. 75, 85. Accordingly, appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. We hereby appoint Richard Heyman, P.O. Box 167381, Oregon, Ohio, 43616, to prepare an appellate brief for appellant discussing the arguable issue identified by this court in this decision, and any further arguable issues which may be found in the record.
Appellant's brief is to be filed within forty-five days from the date of this decision. Appellee's brief shall be filled within twenty days after service of appellant's brief.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,P.J., JUDGES CONCUR.